UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Chul Kyu Kim, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

                                      *Plaintiff*,

    - against -

Superior Cafe Corp., 1490 Superior Foods Corp., Rasam Almontaser, Mustaf "Doe", Jammut "Doe", and Laji "Doe",

                                        *Defendants*.
-------------------------------------------------------------X

Case No.: 21-cv-3620

**DECLARATION OF
JOSHUA D. LEVIN-EPSTEIN**

      **JOSHUA LEVIN-EPSTEIN**, an attorney duly admitted to practice in the United States District Court of the Southern District of New York, affirms the following under the penalties of perjury:

      1.     I am the founder and principal of Levin-Epstein & Associates, P.C., attorneys for Plaintiff Chul Kyu Kim ("Plaintiff") in the above-captioned matter. As Plaintiff's counsel, I am familiar with the facts and circumstances discussed herein based upon personal knowledge and the files maintained by this office.

      2.     I make this declaration in support of Plaintiff's Proposed Findings of Fact and Conclusions of Law against Defendants Superior Cafe Corp., 1490 Superior Foods Corp. (together with Superior Cafe Corp., the "Corporate Defendants") and Rasam Almontaser, (the "Individual Defendant", and together with the Corporate Defendants, the "Defendants"), pursuant to the directives contained in the July 28, 2021 Order [Dckt. No. 37] of the Honorable Magistrate Judge Robert W. Lehrburger.

3. On June 11, 2021, the undersigned law firm contacted Harold H. Weisberg, Esq. – defendant Superior Cafe Corp.'s former counsel[1] – via email and telephone, to advise him of instant Motion for Default against Defendants. The undersigned law firm sent courtesy emails, and placed follow-up phone calls, to Mr. Weisberg on June 14, 2021, June 15, 2021, and June 22, 2021.

4. An excel spreadsheet prepared by the undersigned law firm, detailing Plaintiff's damages computation is annexed hereto as **Exhibit "A"**.

5. A true and correct copy of the undersigned law firm's contemporaneous billing records documenting each attorneys' hourly rate, hours expended, and tasks worked on in the above-referenced matter, is annexed hereto as **Exhibit "B"**.

6. A brief biography of each attorney who performed billed work in this matter is as follows:

7. I am the founder and managing member of Levin-Epstein & Associates, P.C., and have been in practice since 2006. My billed hourly rate for this matter is $450 per hour, which is my standard billing rate for wage-and-hour matters paid on an hourly basis.

8. Prior to founding the firm, I was part of the Business Solutions, Governance, Restructuring & Bankruptcy practices at international and national law firms where I represented constituents in complex litigation and transactional matters. I also served as Law Clerk to the Honorable Alan H.W. Shiff in the United States Bankruptcy Court for the District of Connecticut (Bridgeport Division). I received a B.S. in Foreign Service from the Edmund A. Walsh School of Foreign Service at Georgetown University. At Georgetown University, I received several merit-based scholarship awards. I received my J.D. from The University of Michigan Law School.

---

[1] Mr. Weisberg represented defendant Superior Cafe Corp. in connection with two (2) previous wage-and-hour actions in this District: to wit: (i) *Lucero Cruz v. Superior Cafe Corp.,* Case No.: 1:18-cv-00457-ALC; and (ii) *Villanueva v. Superior Cafe Corp.*, Case No.: 1:17-cv-05039-RWL.

9. I previously chaired the Labor and Employment Subcommittee for the New York City Bar Association's Hospitality Law Committee. I authored a White Paper on the history of the development of local Community Boards in New York City.

10. Eunon Jason Mizrahi, Esq. ("Mr. Mizrahi") is an associate at Levin-Epstein & Associates, P.C., and has been in practice since 2017. Mr. Mizrahi is billed at the rate of $325 per hour. At the time Plaintiff's engagement agreement was signed, this was Mr. Mizrahi's standard rate for wage and hour matters on which he is paid at an hourly rate. Mr. Mizrahi earned his B.A. from the University of Maryland, and his J.D. from Brooklyn Law School in 2016. Following law school, he practiced as an associate at a boutique law firm concentrating in labor and employment law. He was previously In-House Counsel and Human Resources Manager for a wholesale baking company headquartered in the Bronx, with global operations in China, South Korea and the United States.

11. Levin-Epstein & Associates, P.C. has obtained favorable decisions in wage-and-hour cases that have set precedent in this area of law. *See Singh v. Lintech Elec., Inc.,* 2021 WL 1062533, at *3 (E.D.N.Y. 2021) (securing dismissal of fraudulent conveyance actions, and cancellation of *lis pendens*, filed in FLSA action); *Suarez et al v. Brasserie Felix, Inc. et al*, Case No. 19-cv-07210, Dckt. No. 59 (securing $800,000 settlement on behalf of twelve (12) FLSA plaintiffs); *El Aalaoui v. Lucky Star Gourmet Deli Inc.,* 2021 WL 22787, at *1 (S.D.N.Y. 2021) (successfully vacating default judgment entered against FLSA defendants in the amount of $231,660); *Rivera v. Crabby Shack, LLC,* 2019 WL 8631861, at *5 (E.D.N.Y. 2019) (successfully arguing motion to enforce and approve settlement agreement on behalf of defendants)*; Reyes v. The Picnic Basket, Inc.,* Case No. 18-cv-140, Dckt. No. 39, at *3-4 (S.D.N.Y. 2018) (successfully opposing Plaintiff's motion for conditional certification); *Pugh v. Meric*, 2019 WL 2568581, at *2

(S.D.N.Y. 2019) (post-bench trial order issued by the Hon. Judge Denise Cote, holding that the "wage notice penalty" in NYLL § 198(1)(1-b), by its very terms, does not mandate the imposition of damages); *Pugh v. Meric*, 2019 WL 3936748, at *5 (S.D.N.Y. 2019) (post-bench trial order reducing plaintiff's attorneys' fees award of $8,000 to $800).

12. A true and correct copy of the undersigned law firm's retainer agreement with Plaintiff, memorializing a 1/3 contingency fee, , is annexed hereto as **Exhibit "C"**.

13. A true and correct copy of the proof of disbursements, substantiating the undersigned law firm's costs incurred in connection with the above-referenced matter, is annexed hereto as **Exhibit "D"**.

Dated: New York, New York
      August 10, 2021  Respectfully submitted,

By: /s/ Joshua D. Levin-Epstein
Joshua D. Levin-Epstein, Esq.
Levin-Epstein & Associates, P.C.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel: (212) 792-0048
Email: Joshua@levinepstein.com
*Attorneys for Plaintiff*