UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

CHUL KYU KIM, on behalf of himself and other similarly situated,

                    Plaintiff,

-against-

SUPERIOR CAFÉ CORP.; 1490 SUPERIOR FOODS CORP.; RASAM ALMONTASER; MUSTAF "DOE"; JAMMUT "DOE"; AND LAJI "DOE",

                    Defendants.

------------------------------------- x

MEMORANDUM DECISION AND ORDER

21 Civ. 3620 (GBD) (RWL)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Chul Kyu Kim brings this action against Defendants Superior Cafe Corp., 1490 Superior Foods Corp. (together with Superior Cafe Corp., the "Corporate Defendants"), and Rasam Almontaser alleging violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law (the "NYLL"), §§ 650 *et seq.*, for unpaid overtime wages, liquidated damages, spread of hours pay, non-compliance with the wage statement and wage notice requirements, and attorney's fees and costs. (Compl., ECF No. 1 ¶¶ 1–2.) Defendants failed to answer, appear, or otherwise move with respect to the Complaint. On July 28, 2021, the Court granted a default judgment against Defendants and referred this matter to Magistrate Judge Robert W. Lehrburger for an inquest on damages. (Default Judgement, ECF No. 36.)

    Before this Court is Magistrate Judge Lehrburger October 7, 2021 Report and Recommendation (the "Report"), recommending that that the Court award Plaintiff damages for unpaid overtime wages, liquidated damages, $10,000 for violations of the wage statement and wage notice requirements, prejudgment interest, reasonable attorneys' fees, and costs. (Report, ECF No. 49, at 1.) Magistrate Judge Lehrburger advised the parties that failure to file timely

1

objections would constitute a waiver of those objections on appeal. (*Id.* at 26.) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

## I. FACTUAL BACKGROUND

Plaintiff was a former cook at Superior Café, owned by Corporate Defendants, from around April 20, 2015 through June 2020. (Compl. at ¶ 53.) During the relevant time period, Defendant Almontaser determined Kim's wages and compensation. (*Id.* at ¶¶ 20-22.) From April 20, 2015 to March 2020 Kim worked 58 hours a week. During this time, he was paid a weekly cash salary ranging from $1,200 to $1,500. (*Id.* at ¶¶ 55, 58-61.) From about March 2020 until June 2020, Plaintiff worked 39 hours a week and Defendants paid him a weekly cash salary of $1,500. (*Id.* at ¶¶ 56, 61.) Despite regularly working more than forty hours per week, Plaintiff never received overtime compensation nor was provided notice, either in English or Korean, his native language, of his rate of pay, designated pay day, or other information as required by NY law. (Compl. at ¶¶ 62, 67, 69, 70.) Defendant also failed to provide Plaintiff with pay statements identifying his regular and overtime rates of pay, number of regular and overtime hours worked, minimum wage and overtime requirements, or deductions or credits taken against his wages. (Compl. at ¶¶ 67-68.)

Plaintiff filed suit on April 23, 2021 against the Defendants for damages stemming from FLSA and NYLL violations. None of the Defendants filed an answer or other response to the Complaint. The Court granted default judgment on July 28, 2021 and referred the case to Magistrate Judge Lehrburger for an inquest on damages. (Default Judgment, ECF No. 36.) Pursuant to Magistrate Judge Lehrburger's July 28, 2021 order, (ECF No. 37), Plaintiff filed a Proposed Findings of Fact and Conclusions of Law, (ECF No. 38), as well as supporting

documents, establishing the legal and factual bases for an award of damages. Defendants did not file a response. Magistrate Judge Lehrburger then issued the Report on October 7, 2021 recommending the Court award Plaintiff (a) $233,646.92 in damages for unpaid overtime wages; (b) $233,646.92 in liquidated damages; (c) $10,000 for violations of the wage statement and wage notice requirements; (d) prejudgment interest at the statutory rate of 9% as calculated by the Clerk of Court from the mid-point date of September 26, 2017; (e) $8,768.75 in reasonable attorneys' fees; and (f) $782 in costs.

## II. LEGAL STANDARDS

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). "In clear error review, a court should reverse a finding only if it is 'left with the definite and firm conviction that a mistake has been committed,' and not merely if it 'would have decided the case differently.'" *Hernandez v. City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (quoting *Easley v. Cromartie,* 532 U.S. 234, 242 (2001)).

## III. THE REPORT IS ADOPTED

It is well-established that once liability has been declared, a plaintiff must provide admissible evidence establishing the amount of damages with reasonable certainty. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Division Of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

Magistrate Judge Lehrburger conducted a comprehensive and careful inquest and issued the Report recommending damages be awarded to the Plaintiff. This Court finds no error, clear or otherwise. This is especially true for the denial of damages related to spread of hours pay. As Judge Lehrburger correctly noted, "the NYLL permits an employee to receive 'spread-of-hours' pay…for any workday that lasts longer than 10 hours." (Report at 9.) Plaintiff however did not assert that he worked *longer* than 10 hours. Thus, "he is not entitled to any spread-of-hours pay." (*Id.*)

Magistrate Judge Lehrburger also did not commit a clear error when recommending that the covered employment period "is limited to any date after and including April 23, 2015." The Complaint was filed on April 23, 2021, but Plaintiff seeks damages from April 20, 2015 to June 2020. While FLSA has a three-year statute of limitations for willful violations, the NYLL has a six-year statute of limitations. *See* 29 U.S.C. § 255(a); NYLL § 663(3). The NYLL statute of limitations applies because "[t]he NYLL permits greater or equal recovery than the FLSA at all relevant times during Plaintiff's applicable employment with Defendants," and "there are no damages at issue that Plaintiff could recover only under the FLSA and not the NYLL." (Report at 3.) Thus, Plaintiff can claim damages from April 23, 2015 to June 2020.

## IV.   CONCLUSION

Magistrate Judge Lehrburger's Report is ADOPTED. Plaintiff is awarded (a) $233,646.92 in damages for unpaid overtime wages; (b) $233,646.92 in liquidated damages; (c) $10,000 for violations of the wage statement and wage notice requirements; (d) prejudgment interest at the statutory rate of 9% as calculated by the Clerk of Court from the mid-point date of September 26, 2017, on the amount of $233,646.92 in damages for unpaid overtime wages, (e) $8,768.75 in

4

reasonable attorneys' fees, and (d) $782 in costs. The Clerk of Court is directed to close the motion, (ECF No. 29), accordingly.[1]

Dated: New York, New York
February 9, 2022

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

---

[1] Letter Motion, (ECF No. 34), is now moot, and the Clerk of Court is directed to close the motion accordingly.